IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00209-MR-WCM

| | |
|---|---|
| BRENDAN ELWELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FRANK J. BISIGNANO, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM OF <br> DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's appeal of the Commissioner's decision denying his benefits. The parties have fully briefed the issues. [Docs. 5, 8, 9].

**I.    BACKGROUND**

On March 19, 2017, the Plaintiff, Brendan Grafton Elwell ("Plaintiff"), filed an application for disability insurance benefits under Title II and Title XVI of the Social Security Act (the "Act"), alleging an onset date of September 28, 2016 and a last insured date of December 31, 2021. [Transcript ("T.") at 183]. The Plaintiff's claim was denied initially on April 17, 2017, and denied upon reconsideration on August 17, 2017. [Id.]. The Plaintiff appealed and an unfavorable decision was issued on March 2, 2022. [Id.]. The Appeals

Council granted the Plaintiff's request for review and remanded the case. [Id. at 201].

A hearing was held on August 22, 2023, before an Administrative Law Judge ("ALJ"). [Id. at 40]. On November 28, 2023, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act between the alleged onset date of September 28, 2016 and the last insured date of December 31, 2021. [Id. at 16-33]. The Appeals Council denied the Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. [Id. at 1]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird

v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports

his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of

4

the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established, and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education, or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case

5

progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering his burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff did not engage in any substantial gainful activity between his alleged onset date, September 28, 2016, and his last insured date, December 31, 2021. [T. at 21]. At step two, the ALJ found that during the relevant period the Plaintiff had severe impairments including: "degenerative disc disease, degenerative joint disease, GERD, obstructive sleep apnea, anxiety, depression, and PTSD." [Id.]. At step three, the ALJ determined that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled the

Listings. [Id. at 22]. The ALJ then determined that the Plaintiff, notwithstanding his impairments, had the RFC:

> [T]o perform a full range of light work as defined in 20 CFR 404.1567(b) except the claimant can perform only occasional postural maneuvers. The claimant cannot perform any climbing of ropes, ladders, scaffolds, and must avoid unprotected heights. The claimant can understand, remember, follow, and perform simple routine instructions and tasks. The claimant is limited to jobs involving occasional and well explained workplace changes. The claimant is limited to occasional interaction with coworkers and the general public. The claimant can concentrate and remain on task for 2 hours at a time, sufficient to complete an 8-hour workday.

[Id. at 23].

At step four, the ALJ found that the Plaintiff was unable to perform any past relevant work. [Id. at 31]. At step five, based upon the testimony of the vocational expert, the ALJ concluded that, considering the Plaintiff's age, education, work experience, and RFC, the Plaintiff is capable of performing jobs that exist in significant numbers in the national economy, including inspector hand packager, sorter, and price marker. [Id. at 32]. The ALJ therefore concluded that the Plaintiff was not "disabled" from September 28, 2016, the alleged onset date, through December 31, 2021, the last insured date. [Id. at 33].

## V. DISCUSSION[1]

The Plaintiff argues that the ALJ erred in her evaluation of the disability rating decision of the Department of Veterans Affairs ("VA") in contravention of the Fourth Circuit's decision in Bird v. Commissioner, 699 F.3d 337, 343 (4th Cir. 2012).[2] [Doc. 5 at 4].

In making a disability determination, the ALJ is required to consider all relevant record evidence, including disability decisions rendered by other agencies. SSR 06–03p, 2006 WL 2329939 at *6-7. The decisions by other agencies, "and the evidence used to make these decisions, may provide insight into the individual's mental and physical impairment(s)." Id. While a determination of disability made by another governmental or nongovernmental agency is not binding on the ALJ, see 20 C.F.R. § 404.1504, the ALJ should nevertheless "explain the consideration given to these decisions." SSR 06–03p.

In Bird, the Fourth Circuit stated that "[b]ecause the purpose and evaluation methodology of both [the VA and SSA] programs are closely related, a disability rating by one of the two agencies is highly relevant to the

---

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

[2] The Court notes that although the regulations have been revised since Bird, Bird still applies to this case as the Plaintiff filed his claim for benefits prior to March 27, 2017. See Rogers v. Kijakazi, 62 F.4th 872, 878 (4th Cir. 2023).

8

disability determination of the other agency." 699 F.3d at 343. Accordingly, the Court held that:

> [I]n making a disability determination, the SSA must give *substantial weight* to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating *when the record before the ALJ clearly demonstrates that such a deviation is appropriate*.

Id. at 343 (emphasis added).

Here, the record evidence before the ALJ contained multiple disability decisions by the VA. On October 24, 2016, the VA issued a decision assigning the Plaintiff an 80% disability rating and granting the Plaintiff entitlement to individual unemployability benefits effective July 9, 2016. [T. at 382-88]. Specifically, the VA decision assigned the Plaintiff a 30% disability rating for his chronic sinusitis; a 20% disability rating for his neck strain; a 40% disability rating for his lumbar sprain; a 10% disability rating for his right wrist sprain; a 10% disability rating for his GERD; and deferring a rating decision on his right knee meniscus tear and acquired psychiatric disorder. [Id. at 383-86].

In her decision, the ALJ states that the "VA rating decisions at Exhibits 1D, 2D, and 3D [] have been considered but are not given any weight." [T.

9

at 29]. However, the ALJ does not proceed to explain how the record clearly demonstrates that such a deviation is appropriate. Rather, the ALJ provides as follows:

> This other governmental agency decision is not binding on the Agency, as discussed at 20 C.F.R. §§ 404.1504 and 416.904. This is because findings of disability are reserved to the Commissioner, who cannot abdicate the statutory responsibility to determine the issue of disability by simply accepting or adopting the disability determination made by another governmental agency, especially when the other governmental agency decision was made using different rules and standards than what SSA requires. Further, a 100 percent disability may be reasonable using other Agency guidelines but is inconsistent with the objective medical evidence when evaluated under this Agency's standards.

[T. at 29].

By supporting her decision in such a manner, however, the ALJ has impermissibly conflated her *authority* to make a disability determination with the proper legal *standard* for making a determination. The general statement that the VA and SSA disability determinations may differ in theory and therefore are of limited relevance, is simply not sufficient. The Fourth Circuit has already found that "the purpose and evaluation methodology of" the VA program is so closely related that a VA disability rating is "highly relevant" to an SSA determination. See Bird, 699 F.3d at 343.

Further, the ALJ's decision does not reconcile the medical records with her conclusions. [See T. at 1677-1728]. For instance, the VA's disability rating was based on the Plaintiff's "neck strain," which limits his range of motion, and on his "chronic sinusitis," which causes him to "miss work when symptoms are severe." [Id. at 384]. The ALJ's decision, however, provides no substantive discussion of these conditions or any explanation of how she has reconciled this evidence with her conclusion of assigning no weight to the VA Rating.

Without an explanation by the ALJ for why she gave no weight to the VA determination, the Court cannot say that "the record before the ALJ clearly demonstrates that such a deviation is appropriate." See Bird, 699 F.3d at 343. As such, the ALJ's failure to properly weigh and explain the consideration given to the Plaintiff's disability rating by the VA frustrates meaningful review of the ALJ's decision on this issue. For this reason, the decision of the ALJ must be reversed.

## VI. CONCLUSION

Because this Court lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. On remand, the ALJ shall properly weigh, and explain the

consideration given to, the Plaintiff's VA disability ratings as required by the Regulations and the Fourth Circuit's decision in <u>Bird</u>.

**ORDER**

**IT IS, THEREFORE, ORDERED** that, pursuant to the power of this Court to enter judgment affirming, modifying, or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED,** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Signed: September 29, 2025

Martin Reidinger
Chief United States District Judge